■ In the Matter of the Claim of VALERIE D. BULLARD, Respondent, v St. Mary's Hospital et al., Respondents. SPECIAL FUNDS CONSERVATION COMMITTEE—SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [675 NYS2d 455] —Crew III, J. Appeal from a decision of the Workers'

Compensation Board, filed July 11, 1996, which ruled, *inter alia*, that the Special Disability Fund was liable for reimbursement of the compensation and medical expenses paid to claimant after the first 104 weeks of her disability period.

Claimant was employed as a secretary at St. Mary's Hospital in the City of Rochester, Monroe County, when rheumatoid arthritis in both her hands and wrists compelled her to resign. The Workers' Compensation Board ultimately ruled that claimant had sustained an occupational disease that resulted in a permanent, partial disability and awarded compensation from March 27, 1991 onward. Pursuant to Workers' Compensation Law § 44, liability for claimant's benefits was apportioned among her last three employers, to wit, Rochester Savings Bank, Woodward Health Center and St. Mary's Hospital. This apportionment was based upon the finding that claimant had suffered from her occupational disease during her employment with each entity. The workers' compensation insurance carriers for the first two employers were directed to reimburse Sedgwick James of New York, Inc., the carrier for St. Mary's Hospital, for their respective one-third shares of the benefits paid to claimant by Sedgwick James during the first 104 weeks of her disability. It was further ruled that the Special Funds Conservation Committee of the Special Disability Fund (hereinafter SDF) would reimburse Sedgwick James for compensation paid to claimant after the initial 104-week disability period (*see*, Workers' Compensation Law § 15 [8] [d]).

On this appeal, SDF contends that inasmuch as the Board found St. Mary's Hospital to be only one third responsible for claimant's disability, SDF should only be required to reimburse Sedgwick James for one third of the award. We disagree. While Workers' Compensation Law § 44 permits apportionment of compensation among several employers, it makes clear that the total compensation due is recoverable from a claimant's last employer, here, St. Mary's Hospital. Inasmuch as Workers' Compensation Law § 15 (8) (d) provides that a claimant's employer is to be reimbursed by SDF for any benefits payable after the first 104 weeks of disability and St. Mary's Hospital, by the plain and unambiguous terms of Workers' Compensation Law § 44, is responsible for the total compensation awarded by the Board here, we find nothing irrational in requiring SDF to reimburse Sedgwick James for the full amount of the award. We have considered the remaining contentions raised on appeal and find them to be without merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.